IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEVONNI BENTON,<br>    Petitioner,<br>                    v.<br>PHIL HALL,<br>    Respondent. | Civil Action No.<br>1:24-cv-00206-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Linda T. Walker [ECF 10], recommending that Respondent Phil Hall's motion to dismiss Petitioner Devonni Benton's petition as untimely [ECF 5] be granted and that the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 2244(d). Benton has filed objections to the R&R [ECF 12]. For the following reasons, Benton's objections are **OVERRULED**, and the R&R is **ADOPTED**.

I.    BACKGROUND

Benton was convicted of felony murder, aggravated assault, and possession of a firearm by a Fulton County jury, which conviction was affirmed by the Supreme Court of Georgia in 2016. *Benton v. Georgia*, 300 Ga. 202, 202 & n.1, 207 (2016). Benton subsequently filed a state habeas corpus petition,[1] which was

---

[1]    ECF 6-2.

1

denied.[2] The Supreme Court of Georgia denied Benton's application for a certificate of probable cause to appeal the denial of his state habeas petition,[3] and accordingly issued a remittitur on November 21, 2022.[4] Benton filed the instant § 2254 petition on January 16, 2024.[5]

## II.  STANDARD OF REVIEW

A district judge has a duty to conduct a "careful and complete" review of an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). In reviewing an R&R to which objections have been filed, a court must review the objected-to parts of the R&R *de novo*, 28 U.S.C. § 636(b)(1), provided the objecting party "clearly advise[s] the district court and pinpoint[s] the specific findings that the party disagrees with," *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The unobjected-to parts of the R&R are reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## III.  DISCUSSION

Other than under exceptions that do not apply here, § 2254 petitions must be filed within one year of the date that the petitioner's state court judgment of conviction "became final by the conclusion of direct review or the expiration of

---

[2]  ECF 6-5.

[3]  ECF 6-7.

[4]  ECF 6-8.

[5]  ECF 1.

time for seeking such review." 28 U.S.C. § 2244(d). That limitations period can be tolled in two ways: either by statute, during the pendency of "a properly filed application for State post-conviction relief or other collateral review," 28 U.S.C. § 2244(d)(2), or under the doctrine of equitable tolling.

In the R&R, Judge Walker concluded that Benton's petition was filed after the limitations period expired and that neither statutory nor equitable tolling applied. As a preliminary matter, Benton's state court conviction became final on February 21, 2017, upon the expiration of the 90-day window during which Benton could have sought (but did not seek) United States Supreme Court review of his conviction. The limitations period ran for 31 days between February 21, 2017, and March 24, 2017, when Benton filed his state habeas petition, thereby tolling the limitations period under § 2244(d)(2). The limitations period remained tolled until November 21, 2022, when the Supreme Court of Georgia issued its remittitur. The limitations period then ran for 334 more days and expired on October 23, 2023. The R&R thus concluded that the instant petition, filed on January 16, 2024, was several months too late. The R&R further determined that neither statutory nor equitable tolling applied.

In his objections, Benton raises the sole argument that Judge Walker erred in failing to apply statutory tolling under § 2244(d)(2) to the 90-day period following the issuance of the Supreme Court of Georgia's remittitur, during which

period he could have filed a petition for certiorari with the United States Supreme Court. However, according to the U.S. Supreme Court,

> [T]he text of [§ 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (internal quotation marks omitted), a state postconviction application "remains pending" "until the application has achieved final resolution through the State's postconviction procedures." This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.

*Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, in accordance with clear Supreme Court precedent, any statutory tolling of the limitations period ended when the Supreme Court of Georgia issued its remittitur.

Undersigned accordingly overrules Benton's objections and adopts Judge Walker's opinion in its entirety. Undersigned further agrees with Judge Walker that a certificate of appealability should not issue, since jurists of reason could not

disagree over the application of the clear rule set forth in *Lawrence*.[6] Nevertheless, Benton may seek certification from the Eleventh Circuit under Federal Rule of Appellate Procedure 22 for review of this Order. R. 11(a), R. Governing § 2254 Cases in the U.S. Dist. Cts.

## IV. CONCLUSION

Benton's objections [ECF 12] are **OVERRULED**, and Judge Walker's R&R [ECF 10] is **ADOPTED** in its entirety as the order of this Court. Hall's motion to dismiss the petition as untimely [ECF 5] is **GRANTED**, Benton's petition for a writ of habeas corpus is **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge

---

[6] *Id.* at 6–7.